# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-5. In re: Elizabeth Jane Peiffer |
| **Originating No. & Caption** | 4:08-cr-00016-RBS-DEM, 4:15-cv-00108-RBS |
| **Originating Court/Agency** | United States District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C § 1291 |
| Time allowed for filing in Court of Appeals | 60 days |
| Date of entry of order or judgment appealed | June 20, 2023 |
| Date notice of appeal or petition for review filed | June 26, 2023 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ○ Yes    ⦿ No |
| If appeal is not from final judgment, why is order appealable? [See separate sheet for answer.] | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | |
|---|---|
| Is settlement being discussed? | ○ Yes    ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 23-6 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ⦿ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ⦿ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This is an interlocutory appeal of a District Court order denying Appellant's motion to withdraw as appointed habeas counsel in United States v. Runyon, a complex death penalty case with a multi-week evidentiary hearing scheduled to resume on November 1. In late April, Appellant's mother was diagnosed with Stage IV cancer. Appellant immediately became a crucial caregiver for her mother, and these obligations prevent her from continuing to competently and diligently represent her client, Mr. Runyon, in the coming months. After consulting with Virginia State Bar ethics counsel, Appellant concluded she faces a conflict of interest between her caretaking duties and her responsibilities to her client. Accordingly, with the support of her client and co-counsel, Appellant moved to withdraw. The District Court denied Appellant's motion, first orally at a hearing on June 16 and in a written order on June 20. The court disregarded Appellant's sworn representations, as an officer of the court, about her lack of capacity and Bar counsel's recommendation that she withdraw. The court also disregarded the violation of her client's right to conflict-free counsel. In the same order, the court ordered the completion of discovery by August 31, set an evidentiary hearing for November 1, and denied a stay pending appeal. Appellant filed a motion for stay pending appeal and to expedite in this Court on June 30. |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the District Court abused its discretion by denying a motion to withdraw as appointed habeas counsel filed by an attorney with a conflict of interest -- confirmed by State Bar counsel -- between her duties as caretaker for her mother with Stage IV cancer and her responsibilties to her death-penalty-sentenced client.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: United States of America | Adverse Party: |
| Attorney: Brian J. Samuels<br>Address: Fountain Plaza Three, Suite 300<br>721 Lakefront Commons<br>Newport News, Virginia 23606 | Attorney:<br>Address: |
| E-mail: brian.samuels@usdoj.gov | E-mail: |
| Phone: (757) 591-4000 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: Elizabeth Jane Peiffer<br><br>Attorney: Catherine E. Stetson<br>Address:<br>Hogan Lovells US LLP<br>555 13th St., NW<br>Washington, DC 20004<br><br>E-mail: cate.stetson@hoganlovells.com<br><br>Phone: (202) 637-5491 | Name:<br><br>Attorney:<br>Address:<br><br><br>E-mail:<br><br>Phone: |

| **Appellant (continued)** | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Catherine E. Stetson   **Date:** July 10, 2023

**Counsel for:** Appellant

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**DOCKETING STATEMENT—CIVIL/AGENCY CASES**

**Attachment**

**If appeal is not from final judgment, why is order appealable?**

The District Court order denying Appellant's motion to withdraw as counsel due to a conflict of interest is appealable under the collateral order doctrine because 1) "it conclusively determined whether [Appellant] must continue to represent [her] client," *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016); 2) "the withdrawal issue was 'completely separate from the merits'" of the underlying federal habeas proceeding, *id.* (quoting *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); and 3) the order is "effectively unreviewable because the harm of violating one's ethical obligations would be complete and could not be undone after trial." *United States v. Bellille*, 962 F.3d 731, 737 (3d Cir. 2020). This Court recently observed that "several circuits have concluded that an attorney may immediately appeal the denial of a motion to withdraw because of the irreparable harm that befalls an attorney 'forced to continue representing a client against his or her wishes.'" *United States v. Plunkett*, No. 22-7225, 2023 WL 2929684, at n.[*] (4th Cir. Apr. 13, 2023) (quoting *Bellille*, 962 F.3d at 736).