No. 23-5

IN THE
United States Court of Appeals for the Fourth Circuit

In re: ELIZABETH JANE PEIFFER,
*Appellant*

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DAVID ANTHONY RUNYON,
*Defendant*.

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 4:08-cr-00016-RBS-DEM
(The Honorable Rebecca Beach Smith)

**REPLY IN SUPPORT OF APPELLANT'S MOTION FOR STAY
PENDING APPEAL AND FOR EXPEDITED REVIEW**

CATHERINE E. STETSON
TIARA BROWN
SIMON CHIN
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, D.C. 20004-1109
(202) 637-5491
cate.stetson@hoganlovells.com

*Counsel for Appellant*

July 24, 2023

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION ...............................................................................1

ARGUMENT ......................................................................................3

I.  THE GOVERNMENT'S OPPOSITION RESTS ON FACTUAL INACCURACIES................................................................3

II.  APPELLANT WILL LIKELY PREVAIL ON APPEAL .........................................7

   A.  This Court Has Jurisdiction.................................................7

   B.  The District Court Abused Its Discretion .........................................8

III.  THE EQUITIES AND PUBLIC INTEREST STRONGLY SUPPORT A STAY................................................................11

   A.  Appellant and Defendant Face Irreparable Harm ..........................11

   B.  The Public Interest Favors A Stay ................................................12

CONCLUSION...............................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Abney v. United States*,
431 U.S. 651 (1977) ........................................................................................ 7

*Brandon v. Blech*,
560 F.3d 536 (6th Cir. 2009) ........................................................................... 8

*Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*,
310 F.3d 537 (7th Cir. 2002) ........................................................................... 8

*Hunter v. Earthgrains Co. Bakery*,
281 F.3d 144 (4th Cir. 2002) ........................................................................... 9

*Martel v. Clair*,
565 U.S. 648 (2012) ..................................................................................... 8, 9

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) ......................................................................................... 8

*Nixon v. Fitzgerald*,
457 U.S. 731 (1982) ......................................................................................... 7

*Sanford v. Maid-Rite Corp.*,
816 F.3d 546 (8th Cir. 2016) ........................................................................ 7, 8

*United States v. Bellille*,
962 F.3d 731 (3d Cir. 2020) ......................................................................... 7, 8

*United States v. Blackledge*,
751 F.3d 188 (4th Cir. 2014) ................................................................... 8, 9, 10

*United States v. Muslim*,
944 F.3d 154 (4th Cir. 2019) ........................................................................... 9

*United States v. Oberoi*,
331 F.3d 44 (2d Cir. 2003) ............................................................................... 8

*United States v. Plunkett*,
No. 22-7225, 2023 WL 2929684 (4th Cir. Apr. 13, 2023) .............................. 11

# TABLE OF AUTHORITIES—Continued

**Page(s)**

*Whiting v. Lacara*,
  187 F.3d 317 (2d Cir. 1999) .................................................................. 7

**STATUTE:**

28 U.S.C. § 2255 .................................................................................... 6

**RULES:**

Va. R. Pro. Conduct 1.7(a)(2) ........................................................... 2, 11

Va. R. Pro. Conduct 1.16(a)(1) ............................................................. 2

In re: ELIZABETH JANE PEIFFER,

*Appellant*

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DAVID ANTHONY RUNYON,

*Defendant.*

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 4:08-cr-00016-RBS-DEM
(The Honorable Rebecca Beach Smith)

**REPLY IN SUPPORT OF APPELLANT'S MOTION FOR STAY
PENDING APPEAL AND FOR EXPEDITED REVIEW**

**INTRODUCTION**

The Government's response largely fails to grapple with the question presented by this motion and appeal: Does Appellant Elizabeth Peiffer have a conflict of interest necessitating withdrawal from her representation of David Runyon? Appellant has attested she faces an actual conflict of interest between her caretaking duties for her seriously ill mother and her responsibilities to Mr. Runyon,

her death-sentenced client.  Under Virginia's Rules of Professional Conduct, she faces a conflict because "there is significant risk that [her] representation . . . will be materially limited by . . . a personal interest."  Va. R. Pro. Conduct 1.7(a)(2). Consequently, she is obligated to withdraw, *see id.* 1.16(a)(1) & cmt. 1, a conclusion Virginia State Bar ethics counsel confirmed before her withdrawal motion. Appellant therefore is entitled to a stay; she is likely to succeed on the merits and faces the irreparable harm of ongoing ethics violations, which is not outweighed by any countervailing interests.

Instead of meaningfully addressing the stay factors, the Government devotes over one-third of its brief to rehashing discovery issues created by earlier counsel for Mr. Runyon and litigating unripe merits issues.  There is a time and place to litigate those issues; it is not here.  The Government elsewhere distorts or ignores the record, suggesting this Court should not believe Appellant's sworn attestations and minimizing the impact of the conflict on Mr. Runyon's representation.  And the Government offers incomplete analysis of jurisdiction and this Court's framework for reviewing withdrawal motions.  It is wrong on the facts and wrong on the law, and this Court should grant the stay.

# ARGUMENT

## I. THE GOVERNMENT'S OPPOSITION RESTS ON FACTUAL INACCURACIES.

The Government's response relies on numerous factual inaccuracies. It is regrettable, but necessary, to have to clarify them:

1. The Government's assertion that Appellant is "involved in other federal cases," Opp. 16, is irrelevant. Its more pointed accusation that "*after* the district court denied Peiffer's motion to withdraw, Peiffer appeared in a different capital case," Opp. 3, is false. Appellant appeared as associate counsel in that case, *Batiste v. Cain*, No. 1:22-cv-108 (N.D. Miss.), in October 2022, ECF No. 13. She was listed as counsel on an amended petition filed on June 20, ECF No. 31, but she did not file it. As Appellant informed the court, her personal circumstances have made her "unavailable to work on our other cases." *Runyon* (E.D. Va.) ECF No. 819 at 13. This includes *Batiste*.

2. The Government's assertions that Appellant "provided limited information" in support of withdrawal, Opp. 14, and "never provided additional evidence" in response to the court's concerns, Opp. 16, are wrong. Ms. Peiffer's declaration detailed her mother's illness, the impact of her caretaking duties on her job, and how she concluded that she is ethically obligated to withdraw. Mot. Add. D. At the hearing, she "expand[ed] on her motion and declaration," *contra* Opp. 15, attesting that her personal circumstances have made her "unable to work [her]

normal schedule since April 28th . . . because of the degree of unpredictability that has taken over [her] schedule and [her] life . . . due to [her] mother's illness," ECF No. 819 at 9. She also stated: "I have not been working in the way that I would need to to prepare for [Mr. Runyon's] evidentiary hearing or to support Ms. Ali as co-counsel." *Id.* When later allowed to reply to the court—but told "don't repeat" and "[b]e as quick as possible," *id.* at 11-12—she added that her "inability to work at full capacity, and the need to accommodate that on our other cases," have had a "great effect on [her] office," *id.* at 13.

There is no basis to suggest Appellant concealed information from the court. The Government's assertion that "[t]he court noted . . . she did not disclose the substance" of her communications with ethics counsel, Opp. 15 (citing ECF No. 819 at 7), is false. Nothing on page 7—or anywhere else—supports this claim. Appellant truthfully represented to the court that the advice she received from ethics counsel, based on an assessment of her circumstances, was that she was obligated to withdraw. *See* Mot. Add. D ¶ 18; ECF No. 819 at 8. Neither the court nor the Government at the time questioned that. The Government also does not acknowledge, let alone dispute, that a written ethics opinion was unavailable because the State Bar does not issue written ethics opinions on issues subject to ongoing litigation. *See* Mot. 14-15.

3.      The Government's assertion that Appellant's co-counsel, Kathryn Ali, represented she is capable of representing Mr. Runyon through the evidentiary hearing, even with Ms. Peiffer in a reduced role and without additional substitute counsel, Opp. 5, 22, also is misleading.  In the motion seeking Ms. Ali's appointment, Appellant stated Ms. Ali planned to be assisted by attorneys from Covington & Burling LLP, who would apply for *pro hac vice* admission.  ECF No. 803 at 6-8.  Ms. Ali later renewed her plea for assistance, reiterating the reasons why it was critical that Mr. Runyon have additional counsel of record.  ECF No. 815 at 4-12.

4.      The Government's assertion that the "six additional *pro bono* attorneys from Covington," Opp. 3, can simply compensate for Ms. Peiffer's reduced role, is also misleading.  The court has repeatedly admonished that it would not permit any of these lawyers to appear as counsel of record, *see, e.g.*, ECF No. 810 at 2, which severely limits their ability to contribute meaningfully to the case.  As it stands now, they cannot argue motions, examine witnesses, sit at counsel table, or communicate with the Government.  The court's rulings even limit their role behind the scenes. *See, e.g.*, ECF No. 819 at 27-28 (ruling Covington may not use its document review platform to transmit case-related documents).  Consequently, Ms. Ali will have to undertake the lion's share of the work for the hearing, and handle the hearing herself.

5.     The Government's characterization of the habeas proceedings as "narrow," Opp. 21, also is wrong.  What remains to be litigated is the main event of these § 2255 proceedings: a complex, expert-heavy, multi-week evidentiary hearing. The Government has also indicated it plans to litigate significant pre-hearing motions.  *See* ECF No. 819 at 56.  Its further arguments about scope (at 2, 8-11, 18-19) are unripe and irrelevant.  But the Government makes two significant mischaracterizations that must be corrected now.

First, the Government contends that previously undisclosed discovery shows defense expert Dr. Merikangas reviewed Mr. Runyon's brain scans and then counseled against a mental-health defense.  Opp. 10-11.  The first part of this statement requires further factual development.  The second is false.  *Before* he had seen the scans, Dr. Merikangas said that *unless they showed brain damage*, he provisionally counseled against a mental-health defense.  *See* ECF No. 793-1 at 1. There is no evidence he counseled against a mental-health defense *after* seeing them.

Second, the Government's arguments about the evidentiary hearing's scope rest on unfortunate—and easily dispelled—misrepresentations.  At the February 2023 hearing, the court consistently permitted testimony about Mr. Runyon's psychosocial history, *contra* Opp. 8, over the Government's repeated objections. *See, e.g.*, ECF No. 782 at 599-600, 627, 698-700, 726.  Nor did habeas counsel "agree[]" that "the scope of the claim was limited to evidence of brain injury and

6

mental illness." Opp. 8.  She repeatedly argued that psychosocial history was part of the claim on remand.  *See, e.g.*, ECF No. 782 at 762-763.  The Government also conceded at the June 16 hearing that its scope arguments require future litigation. *See* ECF No. 819 at 56.

## II.   APPELLANT WILL LIKELY PREVAIL ON APPEAL.

### A.   This Court Has Jurisdiction.

The District Court order meets the requirements of the collateral order doctrine.  The order "conclusively determined whether [Appellant] must continue to represent [her] client."  *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016).  "[T]he withdrawal issue was 'completely separate from the merits' " of the underlying habeas proceeding.  *Id.* (quoting *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)).  And the order is "effectively unreviewable because the harm of violating one's ethical obligations would be complete and could not be undone after [the hearing]."  *United States v. Bellille*, 962 F.3d 731, 737 (3d Cir. 2020).

The Government argues that by seeking to stay the proceedings, Appellant "undercuts" her position that her claims are separate from the merits.  Opp. 4.  That proves too much.  It would prevent any litigant on collateral appeal from seeking a stay of proceedings where the proceedings themselves—regardless of their outcome—threaten irreparable harm.  *See, e.g.*, *Abney v. United States*, 431 U.S. 651, 662 (1977) (double jeopardy); *Nixon v. Fitzgerald*, 457 U.S. 731, 742-743

(1982) (absolute immunity); *Mitchell v. Forsyth*, 472 U.S. 511, 526-527 (1985) (qualified immunity).  A decision in this appeal requires no consideration—let alone resolution—of Mr. Runyon's habeas claims.  The sole purpose of this appeal—and stay motion—is to relieve Appellant from the immediate ethical conflict she confronts.

**B.     The District Court Abused Its Discretion.**

In denying Appellant's withdrawal motion, the court failed to make an inquiry "into the scope and nature" of the "ethical conflict," *United States v. Blackledge*, 751 F.3d 188, 196 (4th Cir. 2014), as governed by the Virginia Rules of Professional Conduct.  "[I]f forcing an attorney to continue representation will cause a violation of the Code of Professional Responsibility . . . it will be an abuse of discretion not to grant the motion to withdraw." *United States v. Oberoi*, 331 F.3d 44, 47-48 (2d Cir. 2003).   Precedent strongly supports reversing a court that misapplies or disregards the professional rules governing withdrawal. *See, e.g.*, *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 310 F.3d 537, 540-541 (7th Cir. 2002); *Oberoi*, 331 F.3d at 51-52; *Brandon v. Blech*, 560 F.3d 536, 537-539 (6th Cir. 2009); *Sanford*, 816 F.3d at 549-550; *Bellille*, 962 F.3d at 738-745.  This Court is likely to do so here.

While the "interests of justice" standard the court applied (ECF No. 820 at 2 (citation omitted)) "contemplates a peculiarly context-specific inquiry," *Martel v.*

*Clair*, 565 U.S. 648, 663 (2012), the inquiry is not amorphous. *Martel* based this standard on the "several relevant considerations . . . generally" applied in reviewing substitution motions. *Id.* After *Martel*, this Court continued to apply the same three factors in reviewing substitution and withdrawal motions: (1) timeliness; (2) adequacy of inquiry; and (3) extent of conflict. *See, e.g.*, *Blackledge*, 751 F.3d at 194. All three favor reversal.

1. On timeliness, the Government argues the court properly considered "what remained to be litigated and the stage of the proceedings." Opp. 21. The remaining proceedings are not nearly as limited as the Government contends. *Supra* at 6-7. But this argument is doomed by precedent regardless. The timeliness inquiry assesses "the temporal proximity of the motion to trial or another proceeding" and "the resulting delay on the overall proceedings." *United States v. Muslim*, 944 F.3d 154, 166 (4th Cir. 2019). The scope and stage of litigation are irrelevant. The Government does not dispute that Appellant's motion satisfies this Court's definition of timeliness. And the Government does not (and cannot) argue that granting Appellant's motion would have added *any* delay.[1] Because the court considered the wrong factors, it made "an error of law," which "is by definition an abuse of discretion." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th Cir. 2002).

---

[1] Note, too, the court offered to allow Ms. Ali to withdraw at the June 16 hearing. ECF No. 819 at 23.

2.      The court also failed to "thoroughly inquire into the factual basis of any conflicts asserted by counsel." *Blackledge*, 751 F.3d at 194.  The court disregarded Appellant's unrebutted representations about her lack of capacity and the recommendation from ethics counsel that she withdraw.  The Government does not dispute that the court also failed to consider Mr. Runyon's and Ms. Ali's support for the motion to withdraw, both of whom recognized that Appellant's lack of capacity would leave the defense short-handed.  *See* ECF No. 815 at 1-2, 6.[2]

3.      On the third factor—the extent of conflict—the court's determination that Appellant is capable of adequately representing Mr. Runyon "is not entitled to clear error review" "because the district court failed to engage in an adequate inquiry." *Blackledge*, 751 F.3d at 195.  But even if it were, this determination is undermined by the court and Government's own concessions that Appellant's circumstances would require her to proceed "on a limited basis," ECF No. 819 at 16, and in a "lesser," *id.* at 19, or "reduced role," Opp. 22.  *See also* ECF No. 819 at 18 (Government counsel acknowledging Appellant should remain involved but "not [in] the capacity that she was.").  The Government concedes the Virginia Rules require withdrawal when there is "a significant risk that the representation . . . will be materially limited . . . by a personal interest of the lawyer." Opp. 20 (quoting Va.

---

[2] Appellant's Motion (at 14) cited ECF No. 435 at 6; that was a citation error.

R. Pro. Conduct 1.7(a)(2)). The Government nevertheless argues Appellant's conflict does not necessitate withdrawal because it is only "potential." *Id.* But Appellant's caretaking duties have *already* materially limited her representation of Mr. Runyon. *Supra* at 3-4. And notwithstanding the Government's contentions, neither Ms. Ali nor Covington is currently in a position to compensate fully for Appellant's diminished, conflicted representation. *Supra* at 5.

## III. THE EQUITIES AND PUBLIC INTEREST STRONGLY SUPPORT A STAY.

### A. Appellant and Defendant Face Irreparable Harm.

The Government does not dispute that "irreparable harm . . . befalls an attorney 'forced to continue representing a client against his or her wishes.' " *United States v. Plunkett*, No. 22-7225, 2023 WL 2929684, at *1 n. (4th Cir. Apr. 13, 2023) (citation omitted). Here, that harm is manifest. The District Court order places Appellant in an impossible ethical bind; the court has made clear she will be deemed responsible for any problems in the case, *see* ECF No. 819 at 27-28, 38, even as it endorses her representation that her capacity will be materially limited, *see id.* at 16, 19. The court's contradictory positions only reinforce Appellant's ethical dilemma—and demonstrate why her conflict compels withdrawal.

The Government's only argument against irreparable harm is that Appellant "has the able assistance of seven lawyers" and several months before the evidentiary hearing resumes. Opp. 22-23. For all the reasons explained, that is wrong; Mr.

Runyon's representation has been, and will continue to be, materially limited by Appellant's conflict of interest. *Supra* at 3-5.

**B.      The Public Interest Favors A Stay.**

The Government does not dispute that the public interest favors ensuring adequate representation for Mr. Runyon and vindicating his choice of counsel. The *only* countervailing interest it identifies is the purported harm to Mr. Runyon from Appellant's "withdrawal given her institutional knowledge of the case." Opp. 18. But Mr. Runyon supported Appellant's withdrawal motion. *See* ECF No. 815 at 1-2.

The Government's arguments about institutional knowledge are also overblown. Appellant's involvement in this case began with her November 2021 appointment. *See id.* at 5. Between November 2021 and February 2023, other attorneys did the "lead work." ECF No. 785 at 1008. And Appellant addressed the court's concerns about institutional knowledge by representing—in a sworn declaration—that she would remain available to answer any questions. Mot. Add. D ¶ 18. Institutional knowledge would be better served by Appellant providing continuity from the outside, as needed—without being placed in an impossible ethical dilemma.

# CONCLUSION

For the foregoing reasons, and those in the motion, Appellant's motion for stay pending appeal and to expedite decision should be granted.

July 24, 2023

Respectfully submitted,

/s/ Catherine E. Stetson

CATHERINE E. STETSON
TIARA BROWN
SIMON CHIN
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Tel:  (202) 637-5491
cate.stetson@hoganlovells.com

*Counsel for Appellant*

13

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f), this motion contains 2,600 words.

This foregoing complies with the typeface and type style requirements because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

July 24, 2023                                          /s/ Catherine E. Stetson
                                                           Catherine E. Stetson

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on July 24, 2023. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

July 24, 2023

/s/ Catherine E. Stetson

Catherine E. Stetson