**No. 23-5**

IN THE
# United States Court of Appeals for the Fourth Circuit

In re: ELIZABETH JANE PEIFFER,
*Appellant*

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DAVID ANTHONY RUNYON,
*Defendant*.

On Appeal from the United States District Court
for the Eastern District of Virginia
No. 4:08-cr-00016-RBS-DEM
(The Honorable Rebecca Beach Smith)

## APPELLANT'S MOTION TO SUBMIT ON BRIEFS

CATHERINE E. STETSON
TIARA BROWN
AMANDA NECOLE ALLEN
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004-1109
(202) 637-5491
cate.stetson@hoganlovells.com

*Counsel for Appellant*

September 25, 2023

1.      This complex federal death penalty case has a multi-week evidentiary hearing that is scheduled to resume on November 1, 2023.  JA2118-2119.

2.      Appointed habeas counsel Elizabeth Peiffer's mother was diagnosed with Stage IV cancer in late April, JA2229-2230, and Ms. Peiffer became a key caregiver for her mother.  Ms. Peiffer's family obligations conflicted with her obligations to competently and diligently represent her client, Mr. David Anthony Runyon, an indigent petitioner who is sentenced to death.

3.      After consulting with Virginia State Bar ethics counsel, Ms. Peiffer determined that she had a conflict of interest between her caretaking responsibilities and her responsibilities to her client.  JA2036.

4.      With approval of her client, Ms. Peiffer moved to withdraw.  JA2037. The District Court denied her motion and denied a stay pending appeal. JA2063-2064; JA2118-2119.

5.      Ms. Peiffer appealed the denial of her motion given her conflict of interest, JA2120, and moved to stay pending appeal and to expedite the decision, given the November 1 date for the habeas hearing to resume, *see* Doc 8.  Ms. Peiffer explained that the Court should expedite review "because of the public interest in a speedy resolution to this appeal and an expeditious conclusion to Mr. Runyon's habeas proceedings."  *Id.* at 22.  Ms. Peiffer proposed a briefing schedule and oral

1

argument sitting. *Id.* Under Ms. Peiffer's proposed schedule, briefing concluded on September 1, 2023 and oral argument was proposed for the September sitting. *Id.*

6. While denying Ms. Peiffer's request to stay, the Court granted her request for expedited review and directed the Clerk of Court "to establish an appropriate briefing schedule." Doc. 26. That same day an amended briefing order was entered that required briefing to conclude on September 1, 2023. Doc. 27. In accord with the Order, briefs were submitted by the parties and amici in support of Ms. Peiffer. Docs. 20, 33, 45, and 48.

7. The Clerk's office has now tentatively calendared the matter for argument during the December session. Doc. 54.

8. Ms. Peiffer requests that the Court permit submission on the briefing to aid in a decision before November 1, 2023. The Government has been notified that Ms. Peiffer intends to file this motion, and it does not oppose the submission on briefing.

9. Local Rule 34(e) governs motions to submit on the briefs. Local Rule 34(e) says, "[a]s soon as possible upon completion of the briefing schedule or within 10 days of tentative notification of oral argument, whichever is earlier, any party may file a motion to submit the case on the briefs without the necessity of oral argument."

10. Here, Ms. Peiffer is timely moving to submit on the briefs within 10 days of the Tentative Calendar Order entered on September 13, 2023 as required by the Local Rules (and taking the intervening weekend into account). Counsel notes that the Court's Order requested that "[a]ny motions that would affect the scheduling of argument, including motions to submit on the briefs, must be filed by 09/20/2023, or counsel must show that relief could not have been requested by that date." Doc. 54. Counsel was preparing for and traveling for an oral argument on September 18-20. In all events, counsel respectfully requests that the Court entertain this motion despite its untimeliness under the Order, since it is timely under the Rules.

11. Federal Rule of Appellate Procedure 34(a)(2)(C) provides that a panel can agree that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."

12. The facts and legal arguments are adequately presented in the briefs and record such that the Court will be aided in its decisional process. This is especially true considering that Ms. Peiffer *is expected to be present at the upcoming November 1 evidentiary hearing to represent her client despite her conflict of interest*, which is what this appeal is about.

13. For the foregoing reasons, Ms. Peiffer moves to submit on the briefs.

September 25, 2023

Respectfully submitted,

/s/ Catherine E. Stetson

CATHERINE E. STETSON
TIARA BROWN
AMANDA NECOLE ALLEN
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Tel:  (202) 637-5491
cate.stetson@hoganlovells.com

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 27(d), this motion contains 675 words.

This foregoing complies with the typeface and type style requirements because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

September 25, 2023

/s/ Catherine E. Stetson
Catherine E. Stetson

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on September 25, 2023. All counsel of record are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

September 25, 2023

/s/ Catherine E. Stetson

Catherine E. Stetson