**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-5**

---

In re:  ELIZABETH JANE PEIFFER,

        Appellant.

---------------------------------------

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID ANTHONY RUNYON,

        Defendant.

---------------------------------------

JAMES M. MCCAULEY, Esq., PROFESSOR JAMES E. MOLITERNO,

        Amici Supporting Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:08-cr-00016-RBS-DEM-3; 4:15-cv-00108-RBS)

---

Submitted:  September 5, 2023            Decided:  September 28, 2023

---

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elizabeth Peiffer, one of two lead attorneys representing David Runyon in this habeas proceeding, filed a motion to withdraw as counsel for Runyon on the ground that her mother was diagnosed with cancer and caring for her would distract from an appropriate representation of Runyon.  The district court denied Peiffer's motion, finding that it was "in the interests of justice for Ms. Peiffer to remain as counsel for" Runyon.  Peiffer then filed this appeal.  Because we cannot, in the circumstances presented, conclude that the district court abused its discretion, we affirm.[*]

In April 2007, Runyon shot and killed Cory Allen Voss pursuant to a murder-for-hire conspiracy that he entered into with Voss's wife and her paramour.  A jury convicted Runyon on multiple charges involving murder, and, on the jury's recommendation, the district court sentenced Runyon to death.  On appeal, we affirmed.  *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013), *cert. denied*, 574 U.S. 813 (2014).  Thereafter, Runyon filed a motion under 28 U.S.C. § 2255 to vacate or correct his sentence, asserting 18 claims for relief.  The district court, in a thorough 246-page opinion, denied Runyon's motion. *Runyon v. United States*, 228 F. Supp. 3d. 569 (E.D. Va. 2017).  We granted a certificate of appealability on four issues, and with respect to three of the four issues, we affirmed the district court.  *United States v.* Runyon, 994 F.3d 192 (4th Cir. 2021).  On one issue — whether trial counsel provided ineffective assistance by failing to investigate and present

---

[*] While this appeal is taken from an interlocutory order, we conclude that we have jurisdiction under the collateral order doctrine.  *See, e.g., United States v. Bellille*, 962 F.3d 731, 737 (3d. Cir. 2020).

mitigating evidence of Runyon's brain injury and potential mental illness — we concluded that Runyon had made a colorable claim and that material facts necessary to resolve the claim were fairly in dispute. Accordingly, we remanded that one issue to the district court for an evidentiary hearing. *Id.* at 209.

On remand, the district court appointed counsel for Runyon, including Elizabeth Peiffer, and, following discovery, began an evidentiary hearing on February 7, 2023, on the issue remanded. But eight days into the hearing, after 13 witnesses had testified, the court learned that one of Runyon's counsel had committed a discovery violation that undermined Runyon's claim. The counsel responsible for the violation withdrew from the case, and Peiffer remained as lead counsel. In May 2023, the court appointed Kathryn Ali of Ali & Lockwood LLP to serve as co-counsel with Peiffer. The court thereafter continued the hearing until November 1, 2023.

During the period following the suspension of the hearing, Peiffer explained the intense and complex activity that she had to take and was taking to serve as Runyon's lead counsel. As she stated in her affidavit in support of her motion to withdraw:

> Since the suspension of the hearing, I have focused my efforts on identifying and collecting the extensive files of former counsel in various formats, organizing those files in a way to make them effectively accessible, and reviewing tens of thousands of pages for potential relevance to Mr. Runyon's remanded claim and for potential disclosure to the government. Due to the state of the files received, the process has proven more complicated and time-consuming than initially expected. In addition to working on the discovery issue, I spent time in February, March, and April attempting to locate qualified, available co-counsel.

As noted, Ali was appointed to assist Peiffer as co-counsel in May.

4

On June 7, 2023, Peiffer filed a motion to withdraw as Runyon's counsel, noting that her mother had been diagnosed with cancer. She represented to the court,

> In anticipation of increased demands on my time and attention in providing for my mother's treatment and care, in addition to the uncertainty due to a diagnosis of this nature, I feel compelled to withdraw from representing Mr. Runyon.

The district court conducted a lengthy hearing on Peiffer's motion on June 16, 2023, during which it denied it. The court explained that it was denying the motion because of the need to have Peiffer, with her experience and institutional memory, continue to represent Runyon in the interests of justice. The court explained:

> There is no indication here that you are not still going to be with the Virginia Capital Resource Center, and if you're going to be with that Center, even if you can't at this juncture necessarily take a lead role, Ms. Ali is certainly capable of taking a lead role.

The court continued:

> Every case needs some kind of institutional memory in continuity, in other words, an attorney that's been with the case. . . . [A]t this juncture, this court is not inclined to let the habeas attorney withdraw. I'm very sympathetic to Ms. Peiffer's family illness. I'm sympathetic to family situations, and she may not for a while be able to take the lead here, but you've got very capable co-counsel.

When Ms. Peiffer explained that she did not feel like she would be able to fulfill her ethical obligation to Runyon, the court responded:

> The court is of the opinion you are not fulfilling your obligation to withdraw. There's probably not a person in this room that has not had a close family member very ill or had a difficult family situation, including the undersigned judge, a very similar family situation, and I'm not saying I'm not sympathetic, but there are still ways to meet your obligations because that's what a person has had to do at some junctures, and as far as I am concerned, that's why you have Ms. Ali to take a lead role.

5

You would be, in my opinion, violating your duties to Mr. Runyon by not staying in this case because [only] you have the institutional memory.

The court also suggested that other persons have generally helped Ms. Peiffer at the Capital Resource Center and that they might also provide some assistance. It also noted that six attorneys from the law firm of Covington & Burling, LLP, had been helping Peiffer, and it welcomed them to do so.

Shortly after the hearing, the court issued a written order dated June 20, 2023, confirming its denial of Peiffer's motion to withdraw. In its order, the court stated that even though Peiffer's personal circumstances provided some difficulties, her withdrawal from the representation of Runyon "would not be in the 'interests of justice.'" (Quoting *Martel v. Clair*, 565 U.S. 648, 652 (2012)). In particular, the court explained again that it was concerned with the prejudice to Runyon associated with the loss of institutional knowledge should Peiffer be permitted to withdraw. Peiffer was the only member of the defense team who had been present throughout the entire discovery process on the remanded claim. The court also noted prejudice to the United States, as the request came at the "eleventh hour" in the proceedings. In conclusion, at the hearing and as confirmed in its order, the court noted that Peiffer could "certainly take a lesser role" — she did not "have to do all the substantive work" and could proceed on "a limited basis." But the interests of justice, nonetheless, required that she remain in the case for "continuity" purposes.

At the hearing and in its order, the court also expressed its intent not to grant *pro hac vice* admission to the six Covington & Burling lawyers, but it did not expressly rule on

this issue, as such motions for admission had not been filed. It explained that to admit six attorneys from Covington & Burling would "put the hearing out of control." Nonetheless, it noted that the Covington & Burling attorneys were welcome to provide their time pro bono to assist Peiffer and Ali.

From the June 20, 2023 order, Peiffer filed this appeal. After briefing on appeal, Peiffer filed a motion, without objection from the government, to have this case decided on the briefs without oral argument. We grant the motion.

We have carefully reviewed the entire record on this issue and note that the district court took into account all the relevant circumstances and weighed them, concluding that even though Peiffer might have to miss some time from work, her more limited participation was nonetheless necessary to serve the interests of justice, including the representation of Runyon. The court acknowledged the demands of family illness and, indeed, expressed sympathy. But it observed that Peiffer had not withdrawn from the practice of law or from her employment with the Virginia Capital Resource Center. While it recognized that her role might need to be reduced, it pointed out that co-counsel Ali could take up the slack, stating, "even if [Peiffer] can't at this juncture necessarily take a lead role, Ms. Ali is certainly capable of taking a lead role." But even with a reduced role, Peiffer's presence was necessary; she was the only counsel for Runyon still in the case from the beginning of the remand proceeding and therefore the only counsel with institutional knowledge. Discovery had been undertaken, and only Peiffer was fully involved in its complexities and problems. Moreover, the hearing on remand had already commenced and was suspended only to resolve an important issue. But it would continue

on November 1, 2023 — within less than five months — when discovery would be completed. In short, Peiffer's motion came *in medias res*, and if Peiffer were allowed to withdraw, it would adversely affect the proceedings, the resolution of the issues, and Runyon's representation.

While Peiffer expressed fear to the court that she might not be able to discharge her legal and ethical responsibilities to Runyon, the court responded that Peiffer would "not [be] fulfilling [her] obligation [to Runyon] to withdraw." The court also observed that while it was sympathetic to Peiffer's family obligations, "there are still ways to meet your obligations because that's what a person has to do at some junctures, and . . . that's why you have Ms. Ali to take a lead role." Finally, the court observed the need of resolving the one habeas issue in a proceeding that "has been going on an inordinate amount of time" and "continuity has to be there." After considering all of the relevant factors, the court concluded:

> Ms. Peiffer's withdrawal would not be in the "interests of justice." *Martel v. Clair*, 565 U.S. 648, 652 (2012); *see Christeson v. Roper*, 574 U.S. 373 (2015). To the contrary, in order to ensure that Petitioner receives adequate representation while maintaining continuity of counsel and the institutional knowledge of the Virginia Capital Representation Resource Center ("VCRRC"), the court finds that it is in the "interests of justice" for Ms. Peiffer to remain as counsel for Petitioner. *See id.*

(Footnote omitted).

In view of the district court's careful consideration of all of the factors, we cannot conclude that it abused its discretion in the circumstances. *See Martel*, 565 U.S. at 663–64 ("Because a trial court's decision on substitution is so fact-specific, it deserves deference; a reviewing court may overturn it only for an abuse of discretion").

8

On appeal, Peiffer presses the argument that her continued representation of Runyon violates the Virginia Rules of Professional Conduct because her personal obligations present a conflict of interest that prevents her from fully discharging her duties to Runyon and that the conflict requires reversal. In so arguing, however, she presents withdrawal as an "all-or-nothing" proposition — either she must be able to act as Runyon's sole and fulltime counsel of record in the matter or she must recuse herself. But those are not the only alternatives in the circumstances of this case, and the district court specifically addressed Peiffer's concern by noting that she was free to divide up responsibilities with Ali in the way she sees fit.

Peiffer relies on our decision in *United States v. Blackledge*, 751 F.3d 188 (4th Cir. 2014), for the proposition that a court abuses its discretion where the record establishes a conflict of interest, preventing the attorney from mounting an adequate defense. *Id.* at 194 (noting that "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense" is one factor as to whether the court abused its discretion in denying a motion to withdraw). But that case provides little support because, as the district court here concluded, Peiffer's presence is required for Runyon to present an adequate defense, and any limitations on her time were mitigated by the fact that Runyon had another attorney of record representing him. *Id.* at 195 (holding that a district court abused its discretion where it "failed entirely to inquire about the internal ethical conflict" and there was evidence that "on the morning of trial . . . [the attorney and client] had not done any trial preparation" because of a breakdown in

9

communications). Moreover, the court observed that Peiffer and Runyon were assisted by six pro bono attorneys, who also were free to assist.

Peiffer also points to cases from other circuits, contending that they support her argument that the district court's order was an abuse of discretion. But those cases dealt with situations where the attorneys continued representation presented a clear ethical conflict. Whereas, in this case, the court concluded that Peiffer's conflict-of-interest argument could not be maintained in light of the circumstances where she was allowed to remain in the case on a more limited basis to assist co-counsel.

We note importantly that this is not a case where there is a threat that Runyon will be inadequately represented as a result of the district court's order. Runyon has two counsel of record and six additional counsel assisting pro bono. While it is true that the district court indicated that it was unlikely to grant the six pro bono attorneys *pro hac vice* admission to the case if that were requested, the court nonetheless welcomed their assistance.

In sum, we do not find that the district court abused its discretion, and therefore we affirm its order of June 20, 2023, denying Peiffer's motion to withdraw from her representation of Runyon.

AFFIRMED